UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-184-B-W |
| | ) | |
| BENJAMIN JAMES SMALL | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Plaintiff contends that emergency hospitalization for a mental illness cannot qualify as "committed to a mental institution" for purposes of 18 U.S.C. § 922(g)(4) and moves to dismiss the indictment for violating the Fifth and Second Amendments. The Court has recently considered and rejected similar arguments in *United States v. Brian Murphy*, CR-09-157-B-W, and does so again.

I.  STATEMENT OF FACTS

On May 2, and on May 27, 1998, Benjamin Small was involuntarily hospitalized. *Application for Emergency Involuntary Admission to a Mental Hospital* Ex. A, B (Docket # 12) (*App. for Adm.*). The May 2 hospitalization occurred after Mr. Small "overdosed on Klonopine and caused a fire as a result." *Id*. Ex. A. The May 27 hospitalization occurred because Mr. Small was "suicidal, delusional, paranoid, psychotic and non-compliant . . . [and] unable to care for [him]self. *Id*. Ex. B. Both times, consistent with Maine law, three steps were taken to ensure Mr. Small needed hospitalization. 34-B M.R.S.A. § 3863.[1] First, an applicant completed and signed an application for emergency committal or "blue paper" describing why she believed Mr.

---

[1] Title 34-B, Section 3863 allows for emergency hospitalization based on the asserted belief by an applicant and a doctor's certification. *Id*. § 3863(1)(2). This *ex parte* procedure provides no opportunity for the patient to respond, but the patient can only be held temporarily. After three days, the hospital must either release the patient or move to continue the period of commitment. *Id*. § 3863(5)(B)(2).

Small was mentally ill and posed a likelihood of serious harm.[2]  *Id.* at § 3863(1).  Second, a physician certified that he examined Mr. Small on the date of the application and agreed that Mr. Small was mentally ill and posed a likelihood of serious harm.  *Id.* at § 3863(2).  Third, a judicial officer, in this case a justice of the peace, certified that the application complied with Maine law.  *Id.* at § 3863(3).[3]

On November 14, 2009, Mr. Smith was indicted under 18 U.S.C. § 922(g)(4) for possession of a .357 Astra magnum revolver on March 23, 2009 after he had previously "been committed to a mental institution."  *Indictment* (Docket # 1).[4]  Mr. Small's commitments were his two emergency hospitalizations in May 1998.

On December 18, 2009, Mr. Murphy moved to dismiss the indictment, claiming that the charges violate the Second and Fifth Amendments of the United States Constitution.  *Def.'s Mot. to Dismiss* (Docket # 10) (*Mot. to Dismiss*).  The Government responded on January 7, 2010.  *Gov't's Resp. to Def.'s Mot. to Dismiss* (Docket # 15) (*Gov't's Resp.*).  Mr. Small replied to the Government on January 21, 2010.  *Def.'s Reply to Gov't's Resp. to Def.'s Mot. to Dismiss* (Docket # 22) (*Def.'s Reply*).

II. **DISCUSSION**

18 U.S.C. § 922(g)(4) prohibits the possession of a firearm by persons "who have been committed to a mental institution."  Mr. Small argues that section 922(g)(4) is unconstitutional under both the Fifth and Second Amendments.  For his Fifth Amendment argument, Mr. Small contends that he "never received notice that he was a prohibited person, and the laws of Maine

---

[2] On May 2, the applicant was Mr. Small's mother, and on May 28, the applicant was an emergency medical professional.  *App. for Adm*. Ex. A, B.
[3] Maine law requires that a physician or psychologist examine the patient within 24 hours of admission.  Either the patient is again certified as suffering from a mental illness and posing a likelihood of serious harm or the patient is immediately discharged.  § 3863(7).  The record does not contain any information about this second certification.
[4] The indictment alleges that "[o]n or about March 23, 2009, in the District of Maine, the defendant, Benjamin James Small, having been committed to a mental institution did knowingly possess in and affecting interstate commerce a firearm, that is, a .357 Astra magnum revolver, serial no. R198770." *Indictment* at 1.

do not establish that a Blue Paper proceeding comports with the Due Process requirements of a legitimate 'commitment to a mental hospital,'" therefore § 922(g)(4) is unconstitutionally vague. *Def.'s Mot*. at 3. Mr. Small also argues that section 922(g)(4) infringes on his Second Amendment right to bear arms because "§ 922(g)(4) is deemed to reach those who have never had a right to a hearing on whether they qualify to be committed to a mental hospital." *Def.'s Mot*. at 10.

This Court addressed and rejected both arguments in *United States v. Brian Murphy*, CR-09-157-B-W (*Order*). After a thorough review of Mr. Murphy's arguments, the Court determined that the "[o]rdinary meaning, First Circuit precedent, and statutory context provided ample notice that emergency hospitalization under Maine law qualified as committed under § 922(g)(4)." *Order* at 8. In *United States v. Chamberlain*, 159 F.3d 656 (1st Cir. 1998), the First Circuit rejected the defendant's argument that section 922(g)(4) requires "notice and issuance by a state judge of a formal order of commitment following a full hearing at which the person has had the opportunity to be heard," *id.* at 661, and found emergency hospitalization under § 3863 "implicates the potential for harm Congress sought to regulate under the firearms ban" of 922(g)(4). *Id.* at 665. In *Murphy*, this Court concluded that the Supreme Court's recognition of an individual right to bear arms in *District of Columbia v. Heller*, 128 S. Ct. 2783, 2799 (2008) did not alter First Circuit precedent. *Order* 13-14.

For the same reasons set forth in its decision in *Murphy*, the Court finds that section 922(g)(4) adequately put Mr. Small on notice that "commitment to a mental institution" would include emergency hospitalization under Maine law and the law violates neither the Fifth nor Second Amendments.

### III.   CONCLUSION

The Court DENIES Mr. Small's Motion to Dismiss (Docket # 10).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2010